UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JAMES TAMBONE and ROBERT HUSSEY, <br><br> Defendants. | **Civil Action No.:  05-10247 NMG** |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT JAMES TAMBONE'S MOTION TO DISMISS**

The Commission's[1] "Opposition" to Mr. Tambone's motion to dismiss is no opposition at

all.  Rather, it is an affirmation – ironically based in omission of argument – that the Complaint

does not properly plead any claims against Mr. Tambone.  Specifically, the SEC never highlights

"facts" in the Complaint to justify the conclusory claims it has made against Mr. Tambone.

Instead, the Commission reiterates the same vague allegations of wrongdoing contained in its

Complaint.  It does not do more because it cannot do more.  Accordingly, dismissal of the

Complaint against Mr. Tambone is mandated as a matter of fact and law.

---

[1] Defined terms used in Mr. Tambone's motion to dismiss and memorandum in support thereof shall have the same meanings herein without further definition.

**The Commission's Bald Allegations Cannot Rehabilitate Its Securities Fraud Claims
Against Mr. Tambone**

In support of its fraud claims against Mr. Tambone, which are the crux of the Complaint,

the Commission basically relies on the following language to oppose Mr. Tambone's motion:

> Neither [the Defendants] nor the Columbia Entities disclosed to investors or to the
> independent trustees of the Columbia Funds the arrangement with [the Market
> Timers] or [the Market Timers'] trading in the Columbia Funds.

SEC Opp. pp. 9-10; Compl. ¶¶ 45, 51, 54, 61, 65, 68, 74, 78.   But it never says anything more

specific than that, which cannot suffice.  The Commission must allege more than that to state a

claim against Mr. Tambone.  To allow otherwise would be a grave error of law.  The

Commission's failure to allege more in opposition to Mr. Tambone's motion is fatal under the

circumstances.

**The Commission's Reliance On Language Other Than The Strict Prohibition Language
Misses The Mark Completely**

Even the Commission's side-handed attempts to tar Mr. Tambone with vague, general

allegations of fraud fail outright.  For example, in response to Mr. Tambone's argument that the

Commission failed to allege his conduct violated the Strict Prohibition Language, the

Commission highlights "other language" in the prospectuses that allegedly prohibited market

timing and was in effect before the Strict Prohibition Language.  It is a flawed argument.  There

is no such language alleged within the four corners of the Complaint.  Rather, the Commission

cites to language merely disclosing that market timing could cause harm to the fund – that

language in no way prohibited market timing or anything else for that matter.  SEC Opp. p. 7, n.

8.[2]    Indeed, if anything, that alleged disclosure works against the Commission because it plainly reveals to the average investor information about market timing.  Where is the fraud in that?

**The Commission's Use of the Court's Opinion in Druffner is Tantamount to Fitting a Square Peg into a Round Hole**

The Commission's reliance on this Court's opinion in Druffner is woefully misplaced and shows the inherent problems with the Complaint.  As both this Court, and the undersigned (who provided representation in the case) is aware, Druffner is in no way analogous to the Commission's claims against Mr. Tambone.  In Druffner, the defendant brokers were allegedly third-party strangers to the allegedly victimized funds (which include the very funds at issue here!), and allegedly disguised market timing transactions and intentionally and knowingly usurped blocks placed by fund companies on such activities for certain clients.  SEC v. Druffner, 353 F. Supp. 2d 141, 148 (D. Mass. 2005).  In particular, the defendant brokers allegedly used numerous broker identification numbers and intentionally opened approximately 200 customer accounts under fictitious names to actively conceal the brokers' and their clients' identities.  Id. at 146.  When the victimized mutual funds (including the Columbia Funds) imposed blocks on further market timing activity, the brokers allegedly evaded the blocks by their scheme.  Id. Those alleged activities reportedly continued even after the funds announced a policy prohibiting the use of such manipulative techniques.  Id.  How those facts are analogous to the claims against Mr. Tambone – which amount to no more than the receipt of certain vague communications about disruptive activity – is a mystery worthy of an Alfred Hitchcock novel.  In any event, one cannot reasonably analogize the alleged fraudulent scheme in Druffner to the vague and undifferentiated allegations against Mr. Tambone in the Complaint.  The Commission's use of

---

[2] The Commission also relies on language contained in certain Acorn Funds and Galaxy Funds.  The Commission, however, either admits that Mr. Tambone was not responsible for those funds at the relevant time or does not allege he approved any alleged market timing arrangements in those funds.

that case as precedent here – where Columbia Funds were put forth to this Court as <u>a victim</u> –

plainly show its willingness to double deal in an ill-formed attempt to influence the Court.  The

fact that <u>Druffner</u> is the only case the Commission can muster for *stare decisis* purposes shows

that the claims against Mr. Tambone must be dismissed.

**The Commission Seemingly Has Thrown In The Towel With Respect To Its Aiding And Abetting Claims Against Mr. Tambone**

Finally, in response to Mr. Tambone's argument that the Commission failed to present

any facts supporting a reasonable inference Mr. Tambone substantially assisted Columbia

Advisors or Columbia Distributor in their uncharged primary securities fraud violations, the

Commission does not muster any semblance of an Opposition.  It merely reiterates its conclusory

allegations about aiding and abetting activities.  Specifically, the Commission puts forth the

following tautology:

> The Complaint alleges that Defendants aided and abetted the violations by
> Columbia Advisors and Columbia Distributor because (1) Defendants knew or
> were reckless in not knowing that the misrepresentations and omissions made by
> Columbia Advisors and Columbia Distributor regarding short-term or excessive
> trading were improper and (2) Defendants each knowingly rendered substantial
> assistance in this conduct by negotiating, entering into, approving and/or allowing
> these arrangements.  **Accordingly, because the Complaint states claims of
> aiding and abetting, Defendants' motions to dismiss these claims should be
> denied.**

SEC Opp. p. 18 (emphasis supplied).  Even at the pleading stage, at least <u>some</u> facts need to be

alleged. But, the Commission does not even try.  Accordingly, failure to present any facts to

counter Mr. Tambone's motion to dismiss is tantamount to a concession that the aiding and

abetting claims are not pled properly.

## **Conclusion**

For the foregoing reasons, and for the reasons provided in Mr. Tambone's motion and supporting memorandum, this Court should dismiss the Complaint against Mr. Tambone with prejudice.

JAMES TAMBONE,

By his attorneys,

/s/ David G. Thomas
A. John Pappalardo (BBO #388760)
John A. Sten (BBO #629577)
Gina Dines Holness (BBO #557714)
David G. Thomas (BBO# 640854)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA  02110
(617) 310-6000

Dated:  May 31, 2005

## CERTIFICATE OF SERVICE

I, David G. Thomas, certify that on May 31, 2005, I served a true and correct copy of the foregoing document via the Court's Electronic Case Filing system upon the following:

Counsel for Securities and Exchange Commission:

Luke T. Cadigan , Esq.
Celia Moore, Esq.
David London, Esq.
Securities and Exchange Commission
73 Tremont Street
Suite 600
Boston, Massachusetts  02108

Counsel for Robert Hussey:

Warren Feldman, Esq.
David Meister, Esq.
Wesley r. Powell, Esq.
Clifford Chance
21 West 52nd Street
New York, NY  10019-6131

Frank A. Libby, Jr., Esq.
Kelly, Libby & Hoppes
175 Federal Street
Boston, Massachusetts  02110

/s/ David T. Thomas