# Greenberg
# Traurig

David G. Thomas, Esq.
direct dial: 617-310-6040
thomasda@gtlaw.com

March 16, 2006

**BY HAND DELIVERY**

The Honorable Nathaniel M. Gorton
United States District Court for the
 District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Boston MA 02210

    Re:    United States Securities and Exchange Commission v. James Tambone
            and Robert Hussey, U.S.D.C. C.A. No. 05-10247-NMG

Dear Judge Gorton:

    On January 27, 2006, this Honorable Court issued its Memorandum & Order granting Defendants' Motions to Dismiss the above-captioned action. That same day, the Court issued a separate "Order of Dismissal," thereby ending the action; also that same day, the Deputy Clerk made entry of that Order ("ORDER DISMISSING CASE") upon the case docket.

    Notwithstanding the foregoing, on March 13, 2006—forty-five days after the Court had ordered the action dismissed and the case had been explicitly closed upon the docket— Plaintiff transmitted for electronic filing certain papers captioned "Motion for Leave to File an Amended Complaint," and a purported form of "Amended Complaint." That submission generated an electronic (boldfaced) message to counsel that included the following: **"WARNING: CASE CLOSED on 01/27/2006."**

    The undersigned, as counsel to the former defendants in the now-closed case (hereinafter, the "Closed Case") proceed by way of letter to the Court, where—under clear First Circuit precedent, set forth briefly below—final judgment has entered and there is no longer any action in which to file any pleadings. Moreover, the matter is jurisdictional: The Court simply has "no power to allow an amendment to the complaint because there [is] no complaint left to amend." See Mirpuri v. Act Manufacturing, Inc., 212 F.3d 624, 628-29 (1st Cir. 2000) ("Because final judgment entered in this case on June 1, 1999, the

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

The Honorable Nathaniel M. Gorton
March 16, 2006
Page 2

district court correctly perceived that it lacked jurisdiction to permit the filing of an amended complaint on June 28").[1]

The Court's January 27, 2006 Order of Dismissal "left no aspect of the litigation pending," constituted an order that was "immediately appealable," and was thus a "final judgment" under Rule 54 of the Federal Rules of Civil Procedure. Mirpuri, F.3d at 628 (rejecting "out of hand" plaintiffs' suggestion that the dismissal order somehow was deficient because it failed to use the word "judgment"); Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994)("[W]e hold that when a district court uses the words, 'the complaint is dismissed,' without expressly granting leave to amend, this is a 'final decision' from which a timely appeal may be taken.").

While the Court's Memorandum & Order noted that the case was "dismissed without prejudice," the Court did not thereby invite Plaintiff to amend its complaint. As the Mirpuri Court explained:

> In this circuit, the phrase "without prejudice," when attached to a dismissal order, is not to be read as an invitation to amend, but rather as a signification that the judgment does not preclude a subsequent lawsuit on the same cause of action either in the rendering court or in some other forum. If leave to amend is contemplated, we require an express judicial statement to that effect because doing so avoids confusion over when a plaintiff's right to amend a dismissed complaint terminates, the order becomes final, and the time for appeal begins to run.

Mirpuri, 212 F.3d at 628 (citation omitted).

In short, final judgment entered in the Closed Case long ago. That final judgment has been neither amended nor set aside. As a jurisdictional matter, no amended pleadings may now be filed. Mirpuri, 212 F.3d at 628 ("[A] district court cannot allow an amended pleading where a final judgment has been rendered unless that judgment is first set aside or vacated pursuant to Fed.R.Civ.P. 59 or 60.") (citation omitted).

---

[1] For the Court's convenience, a copy of the First Circuit decision in Mirpuri is attached.

The Honorable Nathaniel M. Gorton
March 16, 2006
Page 3

     Consistent with the foregoing, undersigned counsel have prepared and submitted this letter. Should the Court prefer counsel to proceed in some other fashion, we would of course be happy to comply.

Respectfully submitted,              Respectfully submitted,

_____       _____
Frank A. Libby, Jr.                     David G. Thomas
Kelly, Libby & Hoopes, P.C.         Greenberg Traurig, LLP
Counsel to Robert Hussey           Counsel to James Tambone

and

_____
Warren Feldman
Clifford Chance
Counsel to Robert Hussey

Enc.

Cc:     **By Hand Delivery**
        David Bergers, Esq.
        Luke T. Cadigan, Esq.
          United States Securities and Exchange Commission

        **By E-Mail (without enclosure)**
        Douglas S. Brooks, Esq. (dbrooks@klhboston.com)
        Warren L. Feldman, Esq. (warren.feldman@cliffordchance.com)
        Frank A. Libby, Jr., Esq. (falibby@klhboston.com)
        David Meister, Esq. (david.meister@cliffordchance.com)
        Michelle E. Williams, Esq. (michelle.williams@cliffordchance.com)
        A. John Pappalardo, Esq. (pappalardoj@gtlaw.com)
        John A. Sten, Esq. (stenj@gtlaw.com)



212 F.3d 624                                                                                                Page 1

212 F.3d 624, 46 Fed.R.Serv.3d 900

(Cite as: 212 F.3d 624)

C

**Briefs and Other Related Documents**

United States Court of Appeals,
First Circuit.
Shashi L. MIRPURI, Individually and on Behalf of
All Others Similarly Situated,
et al., Plaintiffs, Appellants,
v.
ACT MANUFACTURING, INC., et al.,
Defendants, Appellees.
Nos. 99-1938, 99-1939.

Heard April 5, 2000.
Decided May 5, 2000.

Investor brought securities class action. The United States District Court for the District of Massachusetts, Douglas P. Woodlock, J., dismissed complaint, and investor appealed. The Court of Appeals, Selya, Circuit Judge, held that: (1) district court lacked jurisdiction to permit filing of amended complaint, and (2) plaintiffs' failure to file timely notice of appeal was not excused by good cause or excusable neglect.

Affirmed.

West Headnotes

[1] Federal Courts 817
170Bk817 Most Cited Cases
Grant or denial of motion for leave to file amended complaint is reviewed for abuse of discretion. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

[2] Federal Courts 813
170Bk813 Most Cited Cases
Grant or denial of motion to extend time for filing notice of appeal is reviewed for abuse of discretion.

[3] Federal Courts 812
170Bk812 Most Cited Cases
Court abuses its discretion if it predicates discretionary decision on mistaken view of law.

[4] Federal Courts 763.1
170Bk763.1 Most Cited Cases
Court of Appeals will not affirm denial of leave to amend unless there appears to be adequate reason for the denial, such as undue delay, bad faith, dilatory motive, futility of amendment or prejudice. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

[5] Federal Civil Procedure 1838
170Ak1838 Most Cited Cases
Although order dismissing case without leave to amend did not use word "judgment" and dismissal was "without prejudice," dismissal order was final and district court lacked jurisdiction to permit filing of amended complaint; phrase "without prejudice," was not invitation to amend, but rather signified that judgment did not preclude subsequent lawsuit on same cause of action either in rendering court or in some other forum. Fed.Rules Civ.Proc.Rules 59, 60, 28 U.S.C.A.

[6] Federal Courts 654
170Bk654 Most Cited Cases
Entry of judgment need not employ talismanic language nor use any specific set of words to commence time for appeal. F.R.A.P.Rule 4(a), 28 U.S.C.A.

[7] Federal Civil Procedure 2579
170Ak2579 Most Cited Cases
Final judgment occurs where action is dismissed, leave to amend is explicitly denied, and order is embodied in separate document.

[8] Federal Courts 666
170Bk666 Most Cited Cases
Temporal stricture for filing notice of appeal is mandatory and jurisdictional. 28 U.S.C.A. §

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

212 F.3d 624                                                                                                                                    Page 2

212 F.3d 624, 46 Fed.R.Serv.3d 900

(Cite as: 212 F.3d 624)

2107(a); F.R.A.P.Rule 4(a)(1)(A), 28 U.S.C.A.

**[9] Federal Courts ⚖653**
170Bk653 Most Cited Cases
Where there are no forces beyond control of would-be appellant that prevent him from taking timely steps to preserve his rights, "good cause" has no applicability and extension of time for appealing can be justified only by showing of excusable neglect. F.R.A.P.Rule 4, 28 U.S.C.A.

**[10] Federal Courts ⚖669**
170Bk669 Most Cited Cases
Even if district court's decision was unclear as to its finality, that was not good cause for plaintiffs' failure to file notice of appeal within 30 days of entry of dismissal, as would support extension of time for appeal, where clerk also entered unambiguous "[c]ase closed" notation on docket, and plaintiffs could have discovered this telltale simply by checking docket in person or on-line at any time thereafter. F.R.A.P.Rule 4, 28 U.S.C.A.

**[11] Federal Courts ⚖653**
170Bk653 Most Cited Cases
In determining existence of excusable neglect, as would support extension of time for appeal, court must take account of all relevant circumstances surrounding movant's omission, including danger of prejudice to non-movant, length of delay and its potential impact on judicial proceedings, reason for delay, including whether it was within reasonable control of movant, and whether movant acted in good faith. F.R.A.P.Rule 4, 28 U.S.C.A.

**[12] Federal Courts ⚖653**
170Bk653 Most Cited Cases
Mere inadvertence, ignorance of rules, or mistakes construing rules do not usually constitute excusable neglect, as would support extension of time for appeal; rather, would-be appellant must demonstrate unique or extraordinary circumstances. F.R.A.P.Rule 4, 28 U.S.C.A.

**[13] Federal Courts ⚖653**
170Bk653 Most Cited Cases
Plaintiffs' misconstruction of order dismissing their case without prejudice as not final did not demonstrate excusable neglect, as would support extension of time for appeal; memorandum decision that accompanied dismissal order explicitly rejected plaintiffs' offer to amend their complaint anew and explained in the most transparent of terms court's intention to act with "finality in this case." F.R.A.P.Rule 4, 28 U.S.C.A.

**[14] Federal Courts ⚖653**
170Bk653 Most Cited Cases
Plaintiffs' reliance on telephonic inquiry, in lieu of checking the docket, was not excusable neglect, as would support extension of time for appeal. F.R.A.P.Rule 4, 28 U.S.C.A.

*626 Brian P. Murray, with whom Stephen Moulton, Nancy Freeman Gans, Moulton & Gans, LLP, Karl P. Barth, Hagens Berman, P.S., Lionel Z. Glancy, Neal A. Dublinsky, David Pastor, Gilman & Pastor, and Rabin & Peckel, LLP were on brief, for appellants.

Brian E. Pastuszenski, with whom Kevin J. O'Connor, Anthony J. Canata, Matthew A. Wolfman, and Testa, Hurwitz & Thibeault, LLP were on brief, for appellees.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and BOUDIN, Circuit Judge.

SELYA, Circuit Judge.

This procedural motley requires us to determine when, and under what circumstances, an order dismissing an action "without prejudice" is final and, hence, appealable. Along the way, we also must determine whether the district court erred either by rejecting the plaintiffs' belated attempt to amend their complaint or by refusing to extend the time within which they might file a notice of appeal. Concluding, as we do, that the lower court handled the matter appropriately in all respects, we affirm.

**I. BACKGROUND**

On February 25, 1998, ACT Manufacturing, Inc. (ACT) announced that it had an unanticipated inventory shortfall and that it would delay the announcement of its 1997 fourth-quarter and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

212 F.3d 624                                                                                                         Page 3

212 F.3d 624, 46 Fed.R.Serv.3d 900

(Cite as: 212 F.3d 624)

year-end earnings. [FN1] In response, the price of its stock tumbled and a shareholder, Shashi L. Mirpuri, filed this class action. Mirpuri's complaint alleged, inter alia, that ACT and two of its senior officers had violated federal securities laws.

> FN1. On March 31, 1998, ACT estimated the size of the deficiency at $13,100,000 and concluded that "the ultimate cause of the shortfall could not be finally determined."

At a conference held on August 12, 1998, the district court indicated its intention to appoint three other individuals as co-lead plaintiffs. The defendants raised no objection to the appointment but informed the court that they planned to file a motion to dismiss on the ground that the complaint did not allege facts sufficient to support a strong inference of scienter. *See* 15 U.S.C. § 78u-4(b)(2); *see also Greebel v. FTP Software, Inc.,* 194 F.3d 185, 191-201 (1st Cir.1999). To forfend such a motion, the court allowed the plaintiffs sixty days in which to file an amended complaint. The plaintiffs availed themselves of this opportunity and the defendants thereafter moved to dismiss the amended complaint. The plaintiffs opposed the motion.

The district court held a hearing on April 28, 1999. Near the end of that session, the plaintiffs offered to amend the complaint for a second time. The court unequivocally refused the offer, stating:

No. There's one shot on it, frankly. And I made it clear, I think, at the first hearing that we had, that the opportunity to amend complaints is not a reenactment of Scheherazade. You tell the story maybe twice, but not endlessly night after night.

At the close of the hearing, the court reserved decision on the motion to dismiss.

In due course, Judge Woodlock wrote a memorandum decision that explained his reasons for granting the motion to dismiss. The final footnote states in pertinent part:

This dismissal is ... without prejudice.... To be sure, at the Scheduling Conference in this matter, I identified certain shortcomings in Plaintiffs' pleadings and afforded them the opportunity to file an amended complaint. They did so. But when the course of the discussion at the hearing on the motion to *627 dismiss appeared to be proceeding in a direction adverse to their amended complaint, plaintiffs' counsel suggested a willingness to file yet another amended complaint containing additional but unidentified details to particularize their pleadings further. The plaintiffs were given fair warning both of the deficiencies in their initial complaint and the need to draft an amended complaint upon which the court could finally act at the motion to dismiss stage. They were afforded adequate time to do so. The evaluation of pleadings cannot be extended endlessly. These plaintiffs have failed in their effort to present a complaint which can withstand scrutiny and that failure should be recognized with finality in this case. Whether they can state a claim in some other case is not a matter, however, I will attempt to preclude by a dismissal, as defendants request, with prejudice.

On June 1, 1999, the clerk entered Judge Woodlock's memorandum decision on the docket, along with a separate order that dismissed the action and a notation that read "[c]ase closed."

Twenty-seven days later, the plaintiffs filed a motion for permission to file a further amended complaint. The district court denied this motion on July 13, explaining that "final judgment ha[s] entered in *this* case." On July 26, the plaintiffs, apparently aware that the thirty-day appeal period had expired, requested an extension of time within which to file a notice of appeal from the June 1 dismissal order. Finding neither good cause nor excusable neglect, the district court rejected this request on August 10. These appeals ensued.

II. ANALYSIS

[1][2][3] We begin by noting what is *not* before us. The plaintiffs apparently concede that if the June 1 dismissal order was final and appealable, they allowed the time for filing a notice of appeal from that order to expire-- and concession or not, it is nose-on-the-face plain that any such appeal would be time-barred. *See* Fed. R.App. P. 4(a)(1)(A). Initially, at least, this narrows the lens of inquiry to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

212 F.3d 624 Page 4

212 F.3d 624, 46 Fed.R.Serv.3d 900

(Cite as: 212 F.3d 624)

the question of finality and to the propriety of two other orders, namely, the July 13 order denying leave to amend and the August 10 order refusing to extend the time for appealing. [FN2] As to the first of these matters, we afford plenary review to the district court's legal conclusion that final judgment had entered. *See Exxon Corp. v. Esso Workers' Union, Inc.,* 118 F.3d 841, 844 (1st Cir.1997). We review the latter two rulings for abuse of discretion. *See Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 59 (1st Cir.1990) (stating the standard of review for the granting or denial of a motion for leave to file an amended complaint); *Gochis v. Allstate Ins. Co.,* 16 F.3d 12, 14 (1st Cir.1994) (per curiam) (same, in respect to the granting or denial of a motion to extend the time for filing a notice of appeal). We remain mindful, however, that a court invariably abuses its discretion if it predicates a discretionary decision on a mistaken view of the law. *See Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288, 295 (1st Cir.2000); *United States v. Snyder,* 136 F.3d 65, 67 (1st Cir.1998).

> FN2. We say "initially" because, were we to determine that the district court erred in refusing to extend the appeal period, we might then proceed to consider the merits of the district court's dismissal order.

A. *Leave to Amend.* [FN3]

> FN3. Since the question of finality is bound up with the district court's treatment of the motion for leave to amend, we deal with it as part and parcel of this discussion.

[4] The plaintiffs premise their claim that the district court erred in failing to grant leave to amend on familiar axioms. The Civil Rules declare that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Under this mandate, a denial of leave to amend *628 cannot be founded on judicial whim. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Unless there appears to be an adequate reason for the denial of leave to amend (*e.g.,* undue delay, bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it."  *Glassman v. Computervision Corp.,* 90 F.3d 617, 622 (1st Cir.1996). The plaintiffs proceed to argue that none of these exemplars applies in this instance and, therefore, the district court's denial of their motion cannot be upheld.

This line of argument suffers from tunnel vision: it overlooks the district court's determination that, at the time the plaintiffs filed their motion, a final judgment already had been entered. If this perception is correct, the district court had no power to allow an amendment to the complaint because there was no complaint left to amend. *See Maldonado v. Domínguez,* 137 F.3d 1, 11 (1st Cir.1998) ("[A] district court cannot allow an amended pleading where a final judgment has been rendered unless that judgment is first set aside or vacated pursuant to Fed.R.Civ.P. 59 or 60."). [FN4] The question, then, is whether a final judgment in fact entered on June 1, 1999.

> FN4. The reference to Rules 59 and 60 does not give succor to the plaintiffs. They filed no motion at all within the ten-day period allowed under Fed.R.Civ.P. 59(e), and they never moved to set the judgment aside under Fed.R.Civ.P. 60(b). Thus, their current argument can succeed only if no final judgment was entered on June 1.

[5][6] The plaintiffs suggest, without citation of relevant authority, that the June 1 dismissal order somehow is deficient because it fails to use the word "judgment." This suggestion elevates form over substance, and we reject it out of hand. The entry of judgment need not employ talismanic language nor use any specific set of words. *See Danzig v. Virgin Isle Hotel, Inc.,* 278 F.2d 580, 582 (3d Cir.1960); *see also* Fed. R.App. P. 4(a) (outlining the process for appealing from a "judgment or order").

The plaintiffs also contend that the court's dismissal of their action "without prejudice" stripped the dismissal order of the requisite finality and necessarily encompassed an opportunity to amend the complaint. This argument is not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

212 F.3d 624                                                                                                    Page 5

212 F.3d 624, 46 Fed.R.Serv.3d 900

(Cite as: 212 F.3d 624)

constructed out of whole cloth; one circuit seems to view a dismissal without prejudice as an implicit invitation to amend. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir.1976) (per curiam). In that circuit, such an order is final and appealable only if the plaintiff "cannot amend or declares his intention to stand on his complaint." Id. at 952. This court, however, has rejected that position. [FN5] See Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir.1994) (holding squarely that a final, appealable judgment results whenever a district court dismisses a complaint "without expressly granting the plaintiff leave to amend").

In this circuit, the phrase "without prejudice," when attached to a dismissal order, is not to be read as an invitation to amend, but rather as a signification that the judgment does not preclude a subsequent lawsuit on the same cause of action either in the rendering court or in some other forum. If leave to amend is contemplated, we require an express judicial statement to that effect because doing so "avoids confusion over when a plaintiff's right to amend a dismissed complaint terminates, the order becomes final, and the time for appeal begins to run." Id. at 388 (quoting Quartana v. Utterback, 789 F.2d 1297, 1300 (8th Cir.1986)).

> FN5. In all events, the instant case does not implicate the Third Circuit's approach to ambiguous dismissal orders. Here, unlike in Borelli, the district court order expressly *denied* leave to amend. No invitation reasonably could have been implied in light of this explicit rejection.

The plaintiffs' attempt to derive support for their "without prejudice" argument from North Carolina National Bank v. Montilla, 600 F.2d 333 (1st Cir.1979) (per *629 curiam), is unavailing. There, the district court had dismissed a counterclaim "without prejudice," stating that it could be raised again during the course of the pending proceedings if new evidence were adduced. See id. at 334. We held that this order--like an order dismissing a complaint but expressly reserving leave to amend--was not final for the purpose of conferring appellate jurisdiction. See id. at 334-35. The crucial distinction between the dismissal orders in Montilla and in the case at bar is that the latter left no aspect of the litigation pending and was therefore immediately appealable. See id. at 335 n. 2 (specifically distinguishing "a dismissal 'without prejudice' that is nevertheless a final order because the litigation is entirely terminated").

The plaintiffs' reliance on Sandul v. Larion, 119 F.3d 1250 (6th Cir.1997), likewise misses the mark. In Sandul, the district court entered summary judgment against the plaintiff on all except one of his claims (which it dismissed without prejudice). See id. at 1253. The Sixth Circuit ruled that Sandul could not appeal the dismissal of the last-mentioned claim "because the dismissal was without prejudice." Id. at 1254. The court then stated that "[s]uch dismissal is not a final judgment, and thus, no appeal is permitted." Id.

A leading treatise fittingly describes this aspect of Sandul as "puzzling." 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.6, at 145 n. 18 (2d ed. Supp.2000). The quoted language cannot be taken literally, as such a reading would contradict longstanding Supreme Court precedent. See United States v. Wallace & Tiernan Co., 336 U.S. 793, 795 n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned."). There is another possible explanation. In support of its pronouncement, the Sandul court cited Laczay v. Ross Adhesives, 855 F.2d 351 (6th Cir.1988)--a case holding that no appeal can be taken from a *voluntary* dismissal without prejudice. See id. at 354. If Sandul turned on voluntariness (a fact that is not clear from the opinion), it is of no help to the plaintiffs in the case at hand. If, however, Sandul actually stands for the proposition that dismissals without prejudice are per se unappealable, we are bound not only by Wallace & Tiernan but also by applicable First Circuit precedent to reject it. See, e.g., Pratt v. United States, 129 F.3d 54, 57-58 (1st Cir.1997) ( "Appellate courts routinely exercise jurisdiction over claims dismissed without prejudice when the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

212 F.3d 624 Page 6
212 F.3d 624, 46 Fed.R.Serv.3d 900
(Cite as: 212 F.3d 624)

dismissal contains sufficient indicia of finality.").

[7] To sum up, the district court's memorandum decision, echoing the judge's earlier comments from the bench, slammed the door shut on the possibility of future amendments to the complaint. Given the court's express rejection of the plaintiffs' offer to assemble a further amended complaint, it is difficult to imagine how the point could have been put more clearly. And apart from the flawed arguments discussed above, the plaintiffs make no other challenge to either the form or the sufficiency of the judgment. Nor could they: the dismissal order was set forth on a separate document and duly docketed in conformity with the applicable provisions of the Civil Rules. See Fed.R.Civ.P. 58, 79. In our view, a final judgment occurs where, as here, an action is dismissed, leave to amend is explicitly denied, and the order is embodied in a separate document. See 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, supra, § 3914.1, at 494 (2d ed.1992). Because final judgment entered in this case on June 1, 1999, the district court correctly perceived that it lacked jurisdiction to permit the filing of an amended complaint on June 28.

### B. Extension of Time.

[8] In the federal system, a notice of appeal from the district court to the court *630 of appeals must be filed "within 30 days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(A); accord 28 U.S.C. § 2107(a). This temporal stricture is mandatory and jurisdictional. See Scola v. Beaulieu Wielsbeke, N.V., 131 F.3d 1073, 1073-74 (1st Cir.1997). There is, however, an escape hatch: on motion filed within thirty days after the time prescribed by Rule 4(a) expires, the district court may extend the time for filing a notice of appeal so long as the movant demonstrates either good cause or excusable neglect. See Fed. R.App. P. 4(a)(5).

Final judgment entered in this case on June 1, 1999. The plaintiffs filed their motion to extend the time to appeal from that judgment fifty-five days thereafter, and thus came within the window of opportunity framed by Rule 4(a)(5). But the district court dashed their hopes, finding that their tardiness was not a product of either good cause or excusable neglect.

On appeal, the plaintiffs base their challenge to this finding principally on two circumstances. First, they maintain that the lower court's June 1 decision and order, taken together, were ambiguous as to the possibility of subsequent amendment. Second, they allege that one of their attorneys telephoned the district court clerk's office on June 4 to ask whether judgment had been entered on the docket and that the (unidentified) person with whom he conversed responded that it had not.

[9] The plaintiffs' effort to invoke the "good cause" exception need not detain us. The reference to "good cause" was added in 1979. See Fed. R.App. P. 4 advisory committee's note. The drafters augmented the rule to take account of a narrow class of cases in which a traditional "excusable neglect" analysis would be inapposite. See Pontarelli v. Stone, 930 F.2d 104, 109-11 (1st Cir.1991) (discussing purpose of incremental "good cause" standard). An illustrative case is Scarpa v. Murphy, 782 F.2d 300 (1st Cir.1986)--a case in which the putative appellant's tardiness in filing a notice of appeal resulted entirely from external causes. See id. at 301. In such a situation, there is no neglect (and, thus, nothing to excuse). In contrast, where there are no forces beyond the control of the would-be appellant that prevent him from taking timely steps to preserve his rights, "good cause" has no applicability and an extension of the time for appealing can be justified only by a showing of excusable neglect. See Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 453-54 (1st Cir.1995).

[10] The case at hand does not fit within the isthmian confines of the "good cause" rubric. Even were we to assume (counterfactually) that the district court's decision was unclear as to its finality, the clerk also entered an unambiguous "[c]ase closed" notation on the docket, and the plaintiffs could have discovered this telltale simply by checking the docket in person or on-line at any time thereafter. We previously have held that reliance on telephonic inquiries to the clerk's office, without

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

212 F.3d 624                                                                                                                    Page 7

212 F.3d 624, 46 Fed.R.Serv.3d 900

(Cite as: 212 F.3d 624)

more, cannot constitute good cause. *See id.; cf. Kelley v. NLRB,* 79 F.3d 1238, 1249 (1st Cir.1996) ("We think it plain that an attorney's reliance on oral information, provided over the telephone and by a low-level employee, is not reasonable."). We unhesitatingly reiterate that sensible holding today.

[11][12] This brings us to the crux of the plaintiffs' argument: their claim of excusable neglect. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Court explained that such determinations are equitable in nature. *See id.* at 395, 113 S.Ct. 1489. Accordingly, an inquiring court must "tak[e] account of all relevant circumstances surrounding the [movant's] omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the *631 movant acted in good faith." *Id.* Mere "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392, 113 S.Ct. 1489. Rather, the would-be appellant must demonstrate unique or extraordinary circumstances. *See Gochis,* 16 F.3d at 14.

[13] Refined to bare essence, the plaintiffs hinge their claim of excusable neglect on the notion that they plausibly misconstrued the June 1 dismissal order. We do not gainsay the possibility that a plausible misconstruction of a court order may on rare occasions meet the requirements for excusable neglect. *See Lorenzen v. Employees Retirement Plan of the Sperry & Hutchinson Co.,* 896 F.2d 228, 232-34 (7th Cir.1990) (explaining that a plausible misconstruction of the law or rules can amount to excusable neglect). Here, however, the plaintiffs' professed reading of the dismissal order was wholly implausible. The memorandum decision that accompanied the dismissal order explicitly rejected the plaintiffs' offer to amend their complaint anew and explained in the most transparent of terms the court's intention to act with "finality in this case." A misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect. *See Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 998 (11th Cir.1997) (holding that an attorney's misreading of the plain language of a rule cannot constitute excusable neglect).

[14] The other circumstances to which the plaintiffs allude likewise fail sufficiently to distinguish their case from the mine-run. Because we already have mentioned most of these circumstances, we will be brief. The plaintiffs' reliance on a telephonic inquiry, in lieu of checking the docket, constituted neglect--but not excusable neglect. Their assertion that the decision and order were misleading when read together represents a triumph of hope over reason. The fact that the district court, by dismissing the action "without prejudice," left open the possibility of another suit did not create any legitimate confusion as to the finality of its judgment in this case. *See Wallace & Tiernan,* 336 U.S. at 794 n. 1, 69 S.Ct. 824. Against this backdrop, we cannot fault the district court's discretionary decision to deny the motion for extended time to appeal. *See Norgaard v. DePuy Orthopaedics, Inc.,* 121 F.3d 1074, 1075 (7th Cir.1997) (holding that "[i]gnorance of the Supreme Court's docket, although 'neglect,' is not 'excusable' "); *Joslin v. Wechsler (In re Wechsler* ), 246 B.R. 490, 495 (S.D.N.Y.2000) (affirming a bankruptcy court's finding of no excusable neglect where the party "failed to check the docket for weeks"); *E.I. Dupont De Nemours & Co. v. United States,* 15 F.Supp.2d 859, 861 (Ct. Int'l Trade 1998) (holding that "reliance on legal advice of the clerk's office or counsel's misinterpretation of the law" is not excusable neglect); *cf. Mennen Co. v. Gillette Co.,* 719 F.2d 568, 570 (2d Cir.1983) (finding excusable neglect where the clerk violated a direct order of the court, relied upon by the would-be appellant, to give notice of the entry of judgment).

We need go no further. Because the plaintiffs' failure to file a timely notice of appeal was not excused by any extraordinary circumstances, the district court did not abuse its discretion in denying their motion for an extension of time.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

212 F.3d 624            Page 8

212 F.3d 624, 46 Fed.R.Serv.3d 900

**(Cite as: 212 F.3d 624)**

*Affirmed.*

212 F.3d 624, 46 Fed.R.Serv.3d 900

### Briefs and Other Related Documents (Back to top)

- 99-1938 (Docket) (Aug. 31, 1999)

- 99-1939 (Docket) (Aug. 31, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.