UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JAMES TAMBONE and : <br> ROBERT HUSSEY, : <br> : <br> Defendants. : | CIVIL ACTION <br> NO. 05-10247-NMG |

**THE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR
RELIEF FROM JUDGMENT OR ORDER PURSUANT TO FED. R. CIV. P. 60(b)
AND IN FURTHER SUPPORT OF ITS MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this memorandum in support of its motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b) and in further support of its motion for leave to file an amended complaint in the instant action.

When the Commission filed its motion for leave to file an amended complaint, the Commission believed that it was clear that by its motion, it was seeking relief from the Court's January 27, 2006 order dismissing the action.[1] Indeed, the Court could not reopen the matter and

---

[1] Because the Commission had not yet had the opportunity to amend its complaint and because the Court had not foreclosed this opportunity, the Commission, rightly or wrongly, did not interpret the Court's January 27, 2006 order as constituting the Court's final judgment in this matter, terminating it. *See Mirpuri v. Act Mfg., Inc.*, 212 F.3d 624, 629 (1st Cir. 2000) ("a final judgment occurs where, as here, an action is dismissed, *leave to amend is explicitly denied*, and the order is embodied in a separate document.") (emphasis added); *Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 242 (1st Cir. 2004), *cert denied*, 543 U.S. 820 (2004) ("the district court . . . afforded [the plaintiff] a generous opportunity to sharpen its pleadings when it did not dismiss with prejudice the plaintiff's first . . . complaint"); *see also Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) ("complaints dismissed under Rule 9(b) are almost always dismissed with leave to amend." (internal quotation marks omitted)); *but see Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994) (holding that dismissal of action without express grant of leave to amend is a final decision from which an appeal can be taken).

allow the amendment without first granting such relief. The fact that the Commission did not expressly include in its motion a request for relief pursuant to Rule 60 should not prevent the Court from construing such a request and vacating the judgment to allow the amendment. *See Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002) (quoting 12 James Wm. Moore, Moore's Federal Practice, § 60.64, at 60-196 (3d ed. 2002) ("'[M]otions seeking to amend a complaint that are made after a judgment of dismissal have been entered have been construed as Rule 60(b) motions.'"); *Camp v. Gregory*, 67 F.3d 1286, 1289-90 (7th Cir. 1995) (holding that district courts have the discretion to construe a Rule 15(a) motion made after the entry of final judgment as a Rule 60(b) motion); *Paganis v. Blonstein*, 3 F.3d 1067, 1073 (7th Cir. 1993) (Cuddahy, J., concurring) ("[I]n the interests of justice, it would not be too strained to construe the 15(a) motion as impliedly incorporating a request for relief from judgment, *i.e.*, a 60(b) motion.").[2] As the Supreme Court has stated, "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962)

Nonetheless, to avoid a distracting argument over this issue, particularly given that the Commission agrees that the dismissal order needs to be set aside or vacated to permit its amendment, the Commission should have formally sought – and hereby formally seeks – relief from the order pursuant to Fed. R. Civ. P. 60(b) so that it may be granted leave to file its amended complaint. *See Maldonado v. Dominguez*, 137 F.3d 1, 11 (1st Cir. 1998) ("[A] district

---

[2] *See also Odishelidze v. Aetna Life & Cas. Co.*, 853 F.2d 21, 24 (1st Cir.1988) (construing motion for reconsideration and to vacate judgment as motion under Rule 60(b) and motion to allow plaintiff to cure defects in complaint although not designated as such); *Rodwell v. Pepe*, 183 F. Supp.2d 129, 132 (D. Mass. 2001), *aff'd*, 324 F.3d 66 (1st Cir. 2003) (treating motion to reopen as Rule 60(b) motion); *Cheshire Med. Ctr. v. W.R. Grace & Co.*, 767 F. Supp. 396, 397 n.1 (D.N.H. 1991) (treating motion for reconsideration as Rule 60(b)(6) motion).

court cannot allow an amended complaint where a final judgment has been rendered unless that judgment is first set aside or vacated pursuant to Fed. R. Civ. P. 59 or 60.").

Fed. R. Civ. P. 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment." Given the liberal standard for allowing motions to amend, the Court should grant relief from the dismissal order in order to allow the Commission to file its amended complaint. *See Foman*, 371 U.S. at 181 (holding that appellate court erred in affirming the district court's denial of motion to vacate dismissal in order to allow amendment of complaint).

Leave to amend a complaint, even after dismissal of the action, should be "freely given when justice so requires." *See* Fed.R.Civ.P. 15(a); *Gaffney v. Silk*, 488 F.2d 1248, 1251 (1st Cir. 1973). "Where the amended complaint would state a valid cause of action, a motion to amend should normally be granted." *Gaffney*, 488 F.2d at 1251; *see also Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *FDIC v. Consol. Mortgage and Fin. Corp.*, 805 F.2d 14, 16 (1st Cir. 1986) (permission to amend a complaint is liberally granted where there is no prejudice to the defendants). As the First Circuit has stated, "district judges do not customarily aim to defeat valid claims." *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs.*, 357 F.3d 1, 8 (1st Cir. 2004). Accordingly, leave to file an amended complaint is "often granted not only pretrial but *after* a dismissal for failure to state a claim where the court thinks that the case has some promise and there is some excuse for the delay." *See id.* (citing 6 Wright & Miller, Federal Practice and Procedure § 1488, at 652-69 (2d

ed.1990)) (emphasis in original); *see also Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("Leave to amend should be freely granted, especially where dismissal of the complaint was based on Rule 9(b).")

Indeed, in *Eastern Food Servs., Inc.*, the First Circuit chided a plaintiff for failing to seek an amendment after its complaint was dismissed, suggesting that if it had done so, the amendment likely would have been granted:

> Here, little had occurred at the time of dismissal beyond the filing of motion papers. It is a fair guess that if [the plaintiff] had moved to amend the complaint after the dismissal and had offered the court some hope of an amendment raising a plausible . . . claim, amendment would have been allowed.

*See Eastern Food Servs., Inc.*, 357 F.3d at 8; *see also Emerito Estrada Rivera-Isuzu De P.R., Inc. v. Consumers Union of United States*, 233 F.3d 24, 30 (1st Cir. 2000) (noting that a post-judgment motion to amend "almost surely would have sufficed"); *Royal Bus. Group, Inc. v. Realist, Inc.*, 933 F.2d 1056, 1066 (1st Cir. 1991) (noting that plaintiff had opportunity seek amendment of complaint after dismissal). Under the same reasoning, the Court should vacate its dismissal of this matter and grant the Commission leave to file its amended complaint, a complaint which addresses the concerns raised in the Court's January 27 Memorandum and Order.

In making its request, the Commission notes that the instant action is clearly distinguishable from *Mirpuri v. Act Manufacturing, Inc.*, 212 F.3d 624 (1st Cir. 2000), the case upon which Defendants rely in their letter to the Court dated March 16, 2006. There, the Court had expressly allowed the plaintiffs sixty days in which to file an amended complaint. *Id.* at 626. At the hearing on the defendants' motion to dismiss the amended complaint, the plaintiffs

4

offered to amend the complaint a second time and Judge Woodlock refused the offer, stating that one amendment was all that would be allowed:

> There's one shot on it, frankly. And I made it clear, I think at the first hearing that we had, that the opportunity to amend complaints is not a reenactment of Scheherazade. You tell the story maybe twice, but not endlessly night after night.

*Id.* (internal quotation marks omitted). Further, in his decision granting the defendants' motion to dismiss the amended complaint, Judge Woodlock made clear that he had provided the plaintiffs sufficient opportunity to amend their pleadings, that he would allow no further amendments, and that his decision on this matter was final:

> [A]t the Scheduling Conference in this matter, I identified certain shortcomings in Plaintiffs' pleading and afforded them the opportunity to file an amended complaint. They did so. But when the course of the discussion at the hearing on the motion to dismiss appeared to be in a direction adverse to their amended complaint, plaintiffs' counsel suggested a willingness to file yet another amended complaint containing additional but unidentified details to particularize their pleadings further. The plaintiffs were given fair warning both of the deficiencies in their initial complaint and the need to draft an amended complaint upon which the court could finally act at the motion to dismiss stage. They were afforded adequate time to do so. The evaluation of pleadings cannot be extended endlessly. These plaintiffs have failed in their effort to present a complaint which can withstand scrutiny and that failure should be recognized with finality in this case.

*Id.* at 626-27 (internal quotation marks omitted).[3] Here, unlike in *Mirpuri*, the Commission has not yet been afforded the opportunity to file an amended complaint, nor has the Court suggested that it would be denied the opportunity to do so. Because *Mirpuri* is inapposite, the Commission

---

[3] The First Circuit emphasized that Judge Woodlock's statements made it clear that he was denying the plaintiffs any *further* amendments:

> the district court's memorandum decision, echoing the judge's earlier comments from the bench slammed the door shut on the possibility of future amendments to the complaint. Given the court's express rejection of the plaintiffs' offer to assemble a further amended complaint, it is difficult to imagine how the point could have been put more clearly.

*Id.* 629; *see also id.* at 628 n.5 ("Here, . . . the district court order expressly denied leave to amend.").

should be allowed to amend its complaint.

Accordingly, for the foregoing reasons, the Commission moves pursuant to Fed. R. Civ. P. 60(b), that the Court vacate its order dismissing the instant action and, pursuant to Fed. R. Civ. P. 15(a), that the Court grant the Commission leave to file its amended complaint.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

By its attorneys,

/s/ Luke Cadigan
Luke T. Cadigan
  Senior Trial Counsel (BBO# 561117)
Celia Moore
  Deputy Asst. Dist. Administrator (BBO# 542136)
David London
  Senior Counsel (BBO# 638289)
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110
(617) 573-8919 (Cadigan)
(617) 573-5940 (Facsimile)

Dated: March 22, 2006

## CERTIFICATE OF SERVICE

I certify that on March 22, 2006, I caused a copy of the foregoing to be served by the Court's Electronic Case Filing (ECF) system, or where noted, by first-class mail, upon the following counsel.

**Counsel for Robert Hussey**
Warren Feldman, Esq.
David Meister, Esq.
Wesley R. Powell, Esq.
Michelle E. Williams, Esq.
James P. Loonam, Esq.
John S. Marco, Esq.
Clifford Chance
21 West 52nd Street
New York, NY 10019-6131
212-878-8136

Frank A. Libby, Jr., Esq.
Douglas S. Brooks, Esq.
Kelly, Libby & Hoopes, PC
175 Federal Street
Boston, MA 02110
617-338-9300

**Counsel for James Tambone**
John Pappalardo, Esq. (by first-class mail)
John Sten, Esq. (by first-class mail)
Gina Dines Holness, Esq. (by first-class mail)
David G. Thomas, Esq.
Greenberg Traurig
1 International Place
Boston, MA 02110
617-310-6000

*Luke T. Cadigan*