UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SECURITIES AND EXCHANGE COMMISSION  )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   CIVIL ACTION NO. 05-10247-NMG
                                    )
JAMES TAMBONE and                   )
ROBERT HUSSEY,                      )
                                    )
            Defendants.             )
_____ )

**ROBERT HUSSEY'S OPPOSITION TO THE COMMISSION'S
MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**

Robert Hussey (former defendant in the above-captioned dismissed action) respectfully submits this memorandum of law in opposition to the Securities and Exchange Commission's (the "Commission's") request for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) from the Court's final judgment dismissing this matter.

**PRELIMINARY STATEMENT**

The Court should deny relief from judgment. Commission has failed to satisfy any of the mandatory preconditions to Rule 60(b). First, the Commission has not demonstrated the existence of exceptional circumstances justifying the extraordinary action of altering this Court's final judgment. Second, the Commission has not acted in a timely manner in attempting to amend its deficient allegations. Third, the Commission's proposed amended complaint makes clear that granting the requested relief would amount to little more than an empty exercise, as the new allegations regarding Mr. Hussey fail to address the numerous pleading failures previously

identified by the Court. Finally, the relief requested by the Commission—tantamount to the prolongation of baseless accusations—would unfairly prejudice Mr. Hussey.

## DISCUSSION

**I.    A PARTY MUST SATISFY EXACTING PRECONDITIONS TO OBTAIN THE EXTRAORDINARY RELIEF PROVIDED BY RULE 60(b)**

A court will not disturb a final judgment in response to a Rule 60(b) motion unless a movant first establishes the existence of several demanding criteria. *See, e.g., Teamsters Union, Local No. 59 v. Superline Transportation Co.*, 953 F.2d 17, 19-20 (1st Cir. 1992). The Court of Appeals for the First Circuit has identified four independent preconditions—all of which a party must satisfy—before a district court will grant such relief. Specifically, a movant must demonstrate:

- the existence of "exceptional circumstances justifying extraordinary relief;"
- that movant has acted in a timely fashion;
- that vacating the judgment will not be an empty exercise; and
- the absence of unfair prejudice to the opposing party.

*Id.*

While the Commission fails to satisfy *any* of these preconditions to relief, each failure alone defeats the Commission's motion.

**II.    THE COMMISSION IS NOT ENTITLED TO RELIEF UNDER RULE 60(b)**

A.    The Commission Has Failed to Demonstrate the Existence of "Exceptional Circumstances Justifying Extraordinary Relief"

As noted above, a party seeking to reopen a matter pursuant to Rule 60(b) must meet a heavy burden, as such "extraordinary relief" is reserved for "exceptional circumstances." *See, e.g., Paul Revere Variable Annuity Insurance Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001)

(describing standard as "formidable hurdle," and noting that "bar for such relief is set high"). Here, the Commission fails even to *acknowledge* this rigorous standard. Instead, the Commission implicitly invites the Court to disregard the strictures of Rule 60(b) and treat the Commission's request as a simple Rule 15(a) motion seeking leave to amend a complaint. *See* Commission's Memorandum in Support of Its Motion for Relief from Judgment or Order ("Comm'n Memo."), at 3 (citing language of Rule 60(b)(6), but then articulating "liberal standard for allowing motions to amend" under Rule 15(a)).[1]

The primary—and fatal—flaw in the Commission's approach arises from its apparent unwillingness to recognize the import of the Court's well-reasoned dismissal of the Commission's action. *See* Memorandum and Order, January 27, 2006 (the "Decision") (Docket No. 15) (concluding that Commission repeatedly had failed to offer sufficiently particularized allegations, and rejecting various legal theories offered by Commission in support of its claims). Specifically, the Decision and corresponding Order of Dismissal (Docket No. 16) plainly constituted a "final judgment" under First Circuit law.[2] *See, e.g., Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 388-89 (1st Cir. 1994) (articulating First Circuit standard for "final decision" from which timely appeal may be taken). Consequently, the Commission could not properly seek leave to file an amended complaint pursuant to Rule 15(a) because there was no

---

[1] It is clear from the Commission's papers that it proceeds under the residual "catch-all" provision found in subsection (6) to Rule 60(b). *See* Comm'n Memo. at 3 (citing the "relevant part" of Rule 60(b) as the subsection (6) clause, which provides that a court may relieve a party from a final judgment for "any reason justifying relief from the operation of the judgment"). Importantly, subsection (6) and subsections (1)-(5) are mutually exclusive; that is, a party cannot proceed under both subsection (6) and also rely on one of the bases set forth in the first five subsections of Rule 60(b*). See, e.g., Teamsters*, 953 F.2d at 20, n.3.

[2] *See* Order of Dismissal (Docket No. 16) ("[I]t is hereby ORDERED that the above-entitled action be and hereby is dismissed."). Hereinafter, we collectively refer to the Court's Decision and corresponding Order of Dismissal as the "Final Judgment."

3

complaint left to amend. *Id.* (noting that district court cannot allow an amended pleading where a final judgment has been rendered unless that judgment is first set aside or vacated).

As the Court certainly is well aware, First Circuit law requires a district court to include in a dismissal order an express judicial statement granting leave to amend if such permission is contemplated, as doing so "avoids confusion over when a plaintiff's right to amend a dismissed complaint terminates, the order becomes final, and the time for appeal begins to run." *See, e.g., Mirpuri v. Act Manufacturing, Inc.*, 212 F.3d 624, 628 (1st Cir. 2000) (cautioning that phrase "without prejudice," when attached to a dismissal order, is not to be read as an invitation to amend). Indeed, it is readily apparent from this Court's previous decisions that the Court is willing to invite a plaintiff to amend its complaint upon dismissal when the Court deems such action appropriate, and it declined to do so here. *Cf. Fease v. Town of Shrewsbury*, 188 F. Supp.2d 16, 18 (D. Mass. 2002) (dismissing complaint without prejudice and with leave to amend within twenty-one days); *Ouellette v. Trustees of Plumbers and Pipefitters of Local 4 Pension Fund*, 150 F. Supp.2d 322, 325 (D. Mass. 2001) (granting defendant's motion to dismiss without prejudice to plaintiff filing amended complaint within thirty days).

Notwithstanding its obvious intent and impact, the Commission failed to acknowledge the Court's Final Judgment, and instead—after a delay of forty-five days—simply filed a Rule 15(a) motion for leave to amend its dismissed complaint. *See* Motion for Leave to File Amended Complaint, March 13, 2006 (Docket No. 17). The Commission's disregard for this Court's Final Judgment and controlling First Circuit precedent, while admittedly baffling, simply does not constitute the "exceptional circumstances justifying extraordinary relief" contemplated by Rule 60(b). *See, e.g., Ackerman v. United States*, 340 U.S. 193, 200 (1950) (admonishing that, "[b]y

no stretch of the imagination can the voluntary, deliberate, free, untrammeled choice" of a party to sleep on its rights support Rule 60(b) relief).

      B.      <u>The Commission Has Failed to Act in a Timely Manner</u>

"In our adversary system of justice, each litigant remains under an abiding duty to take the legal steps that are necessary to protect his or her own interests." *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir. 1993) (citing *Ackerman*, 340 U.S. at 197). This bedrock principle prohibits a party from using Rule 60(b)(6) as a "back-door substitute" to cure its failure to act in a timely manner. *Id. See also United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir. 1987) ("Absent compelling reasons, parties may not employ subsection (6) to expand their time for taking appropriate action, or to avail themselves of an additional, broad purpose for requesting relief from judgment.") The Commission attempts just such a prohibited maneuver here.

Indeed, the Commission has been on notice for almost one year that its allegations were deficient, as the former defendants in this matter filed Rule 12(b)(6) motions challenging the allegations on April 15, 2005. *See* Docket Nos. 7-10. While the Commission was free to amend its complaint *as a matter of right* during the eight months that former defendants' motions were fully briefed and pending, the Commission instead chose to rest upon the dubious allegations in its now dismissed complaint.

The Commission also has acted in an untimely manner by failing to seek relief within ten days of the Court's Final Judgment. Here, the only basis for the Commission's request that the Court alter its Final Judgment is the fact that the Court did not expressly invite the Commission to file an amended complaint. Generally, where a plaintiff seeks to reopen a matter and amend a complaint dismissed on Rule 9(b) and Rule 12(b)(6) grounds, the proper procedure for doing so is through a motion filed within ten days pursuant to Rule 59(e). *See* Fed. R. Civ. P. Rule 59(e)

NYA 774566.1

("Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). *See also Acevedo-Villalobos*, 22 F.3d at 390 (noting that postjudgment motion asking court to modify earlier disposition of case because of erroneous legal result is brought under Rule 59(e)).

The ten-day window of Rule 59(e) closed long before the Commission took any steps to seek relief, as the Commission waited until *forty-five days* after entry of the Court's Final Judgment before attempting to file an amended complaint, and *fifty-four days* before even bothering to ask the Court to alter its Final Judgment. In an effort to overcome this inexcusable delay, the Commission now attempts to recast its garden variety Rule 59(e) request as an extraordinary Rule 60(b) motion. This is precisely the type of "back-door" abuse of Rule 60(b) that courts universally reject. *See, e.g., Assurance Alliance, Inc. v. Kujak Transport, Inc.*, 1993 WL 433705, at *2 (N.D. Ill. Oct. 21, 1993) (Plaintiff "has offered no reason for its failure to present a timely Rule 59(e) motion, and it thus exerts no call on the equitable office of the court under Rule 60(b)(6)."). *See also Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 242 (1st Cir. 2004) (affirming district court's decision to deny plaintiff opportunity to amend dismissed complaint where plaintiff chose not to amend complaint at any state of litigation, even after defendants filed 12(b)(6) motion to dismiss that focused on deficiencies in pleadings).

        C.      <u>Allowing the Commission's Amended Complaint Would Be an Empty Exercise</u>

A party seeking the extraordinary relief provided by Rule 60(b) also "must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *See Teamsters*, 953 F.2d at 20. Here, the Commission fails to provide the Court with any such reason. In fact, even a cursory review of the proposed amended complaint makes clear that re-

6

litigation of this matter would represent the epitome of an "empty exercise," as the Commission's "new" allegations suffer from the same flaws previously identified by the Court.

As the Court explained:

- "Beyond the complaint's Rule 9(b) particularity problems, a more troubling issue is the shaky legal foundation for the SEC's argument that use of the prospectus amounts to communication and dissemination." *See* Decision at 11.

- "Moreover, the SEC's claims of primary liability through dissemination does not withstand the weight of contravening case law." *See* Decision at 12.

- "In essence, the SEC has not alleged that the defendants made any untrue or misleading statement of material fact. The SEC's complaint fails to meet the Rule 9(b) particularity requirement and its legal argument is incapable of being reconciled with [previous decisions]." *See* Decision at 13.

- "Because the defendants … were not responsible for the misleading disclosures …, they were under no duty to correct those statements if they became misleading." *See* Decision at 14-15.

- "This Court has … found that the defendants were not under a duty to disclose the market timing arrangements to investors." *See* Decision at 19.

- "The defect in the SEC's allegations is that market timing arrangements are not the kind of sham transactions which have been held to qualify as schemes to defraud." *See* Decision at 17.

- "The SEC's allegations in this case clearly do not …. fit into the category of manipulative devices envisioned by the Supreme Court." *See* Decision at 17.

- "The defendants assert that the SEC's complaint fails to make the case that the defendants meet the legal standard for aiding and abetting and this Court agrees." *See* Decision at 19.

The scant new allegations offered in the Commission's proposed amended complaint do little to remedy the numerous failings cited by the Court. Indeed, the Commission's amended complaint is nothing more than a regurgitation of the previously rejected allegations, combined with a few speculative and conclusory accusations.

While we will not burden the Court at this juncture by reiterating every argument set forth in Mr. Hussey's successful motion to dismiss, we briefly note for the Court the disingenuous nature of the Commission's new allegations. As the Court previously recognized, the Commission has "implicitly concede[d] that the defendants played no role in preparing, drafting or signing the allegedly misleading prospectuses." *See* Decision at 10. In light of the Court's rejection of the Commission's legal theories, however, the Commission now apparently contends that Mr. Hussey authored certain previously challenged misstatements. *See* Proposed Amended Compl., ¶¶ 10, 33, 35.

Specifically, the Commission—on "information and belief"—insinuates that Mr. Hussey played a role in drafting the previously challenged "misstatements" based on his tangential involvement in allegedly providing "input" through privileged conversations with attorneys regarding language that ultimately may have ended up in certain prospectuses. *Id.* Amazingly, the Commission offers these new allegations without the benefit of any additional discovery. In fact, as the Court well knows, the Commission enjoyed the fruits of broad discovery long before filing its *initial* complaint in this matter. *See* Decision at 6 ("During the course of this investigation, the SEC has taken the testimony of at least 23 witnesses and conducted extensive document discovery.").

The Commission's attempt to bootstrap its rank speculation into vague and conclusory allegations does not begin to satisfy Rule 9(b)*. See, e.g., Wayne Investment v. Gulf Oil Corp.*, 739 F.2d 11, 14 (1st Cir. 1984) (stating that mere conclusion, accusations, or purely speculative allegations not sufficient to meet Rule 9(b) particularity requirement). Indeed, even if the Commission's speculative allegations were true (they are not), the Commission still fails to articulate actionable misstatement claims against Mr. Hussey. *See, e.g., Wright v. Ernst &*

*Young LLP*, 152 F.3d 169, 175 (2d Cir. 1998) (ruling that alleged misstatement must be attributed to specific defendant at time of public dissemination).

    D.    The Extraordinary Relief Sought by the Commission Would Unfairly Prejudice Mr. Hussey

While each of the Commission's failures to satisfy the previously discussed preconditions to Rule 60(b) relief alone mandates rejection of its motion, we also note that the Commission's effort to resuscitate its legally deficient claims, if successful, would unfairly prejudice Mr. Hussey. *See Teamsters*, 953 F.2d at 20 (noting that courts will not disturb judgments pursuant to rule 60(b) unless movant can demonstrate, *inter alia*, absence of unfair prejudice to opposing party).

Well over two years ago, the Commission launched its investigation into this matter, employing its full arsenal of powers in an attempt to uncover actionable claims against Mr. Hussey (which it still has failed to do). During its investigation, the Commission interviewed dozens of witnesses and collected tens of thousands of pages of materials. Mr. Hussey, on the other hand, has yet to enjoy the benefits of deposing witnesses or propounding interrogatories to develop his numerous defenses against the Commission's baseless allegations. In addition to impairing his defenses, the passage of time without resolution of this matter has unfairly resulted in significant career consequences for Mr. Hussey. Allowing the Commission to continue its futile pursuit at this late juncture would represent exactly the type of unfair prejudice that Rule 60(b) does not permit. *See Teamsters*, 953 F.2d at 19-20.

**CONCLUSION**

  For each and every reason set forth in this memorandum of law and in all prior pleadings in this matter, Robert Hussey respectfully submits that the Commission has failed to demonstrate the existence of exceptional circumstances justifying the extraordinary relief provided under Rule 60(b).  Mr. Hussey respectfully requests that this Court deny the Commission's motion for relief from the Court's final judgment.

                Respectfully submitted,

                ROBERT HUSSEY,
                By his attorneys,

                 /s/  Frank A. Libby Jr.  _____
                Frank A. Libby, Jr. (BBO # 299110)

                Kelly, Libby & Hoopes, P.C.
                175 Federal Street
                Boston, MA 02110
                Tel.: (617) 338-9300

                *Of Counsel:*

                Warren L. Feldman (admitted *pro hac vice*)

                Clifford Chance US LLP
                31 West 52nd Street
                New York, NY 10019
                Tel.: (212) 878-8000

Dated:  April 4, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Frank A. Libby, Jr.

Case 1:05-cv-10247-NMG  Document 23  Filed 04/04/2006  Page 11 of 11

NYA 774566.1