United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) JAMES TAMBONE and ROBERT HUSSEY, ) ) Defendants. ) ) | Civil Action No. 05-10247-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

On February 9, 2005, the United States Securities and Exchange Commission ("SEC") filed a complaint in this Court alleging that the defendants, James Tambone ("Tambone") and Robert Hussey ("Hussey"): 1) committed fraud in violation of the Securities Exchange Act of 1934 ("the Exchange Act") and Rule 10b-5 thereunder, 2) committed fraud in violation of Section 17(a) of the Securities Act of 1933, 3) aided and abetted fraud in violation of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("the Advisers Act") and 4) aided and abetted in violation of Section 15(c) of the Exchange Act. On April 15, 2005, the defendants moved separately, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the SEC's complaint.

After consideration of the memoranda in support and opposition of those motions, the Court allowed both motions to

-1-

dismiss in a Memorandum and Order ("M&O") dated January 27, 2006. In that M&O, the Court also stated that the case was "DISMISSED WITHOUT PREJUDICE". On that same day, the Deputy Clerk entered a separate "Order of Dismissal" and changed the electronic docket designation of the case to "CLOSED".

**Legal Analysis**

After initially moving on March 13, 2006, for leave to file an amended complaint, the SEC changes gears and now moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b), apparently in recognition of the legal reality that the dismissal order needs to be set aside or vacated in order to permit amendment of the original complaint.[1] A court will not disturb a final judgment in response to a Rule 60(b) motion unless the movant first establishes the existence of several demanding criteria: 1) the existence of "exceptional circumstances justifying extraordinary relief", 2) the timeliness of the motion, 3) that vacating the judgment will not be an empty exercise and 4) the absence of unfair prejudice to the opposing

---

[1] Defendants argue that the SEC's motion would be more appropriate if it were brought pursuant to Fed. R. Civ. P. 59(e) as a motion to alter or amend the judgment. Defendants claim that the SEC has filed a motion pursuant to Rule 60(b) rather than Rule 59(e) in order to circumvent the ten-day time limit from the date of judgment for bringing a motion pursuant to Rule 59(e). The Court need not consider this issue because the SEC has brought its motion pursuant to Rule 60(b) and the Court will analyze it under that rubric.

party. Teamsters Union Local No. 59 v. Superline Transportation Co., 953 F.2d 17, 19-20 (1st Cir. 1992).

Despite that test, the SEC chooses, inexplicably, to ignore the required elements entirely and to use its memorandum in support of the Rule 60(b) motion as another opportunity to argue its motion to amend. Moreover, the SEC has not even informed this Court under which subsection of Rule 60(b) it seeks relief. The defendants make better use of their papers and, to the benefit of this Court, frame their opposition briefs around the four-part analysis applied in Teamsters. Application of the Teamsters analysis makes it abundantly clear that the SEC's motion pursuant to Fed. R. Civ. P. 60(b) should be denied.

Before analyzing the SEC's motion within the Teamsters framework, the Court must divine under which subsection of Rule 60(b) the SEC seeks relief. The SEC makes but one citation to an actual Rule 60(b) subsection when it offers a misquoted reference to the language of subsection (6), the so-called "catchall" subsection. See Teamsters, 953 F.2d at 20 n.3. This is a strange choice for the SEC given that its argument would appear to fall more appropriately under subsection (1), the mistake/excusable neglect subsection. Nevertheless, as will be explored in greater detail, the SEC's reliance on either subsection is undermined by the relevant case law.

Turning to the Teamsters analysis, the critical deficiency

of the SEC's motion relates to the first prong. Specifically, the SEC has not demonstrated "exceptional circumstances justifying [the] extraordinary relief" supplied by Rule 60(b). Although the SEC correctly points out that leave to amend should be "freely given", that standard has no application to the pending motion. The liberal motion to amend standard is inapposite to the "exceptional circumstances" standard of Rule 60(b). Although the SEC's argument may meet the standard for a motion to amend, it has offered nothing to this Court akin to "exceptional circumstances" or even the lesser standard of mistake or excusable neglect.

In support of its motion, the SEC attempts to convince this Court that it never had the opportunity to amend its complaint to address the concerns raised by defendants' motions to dismiss. This is simply inaccurate. Specifically, defendants filed their motions to dismiss separately on April 15, 2005. The SEC had more than nine months between the filing of those motions and the publication of the Court's M&O in January, 2006, to amend its complaint, which it could have done as a matter of right under Fed. R. Civ. P. 15(a) because defendants had not yet filed a responsive pleading.[2] The SEC chose to do nothing. See United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220,

---

[2] The First Circuit Court of Appeals has held that a motion to dismiss is not a responsive pleading. See McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978).

242 (1st Cir. 2004)(affirming district court's decision to deny plaintiff the opportunity to amend the dismissed complaint where plaintiff chose not to amend the complaint at any stage of litigation, even after defendants filed a motion to dismiss pursuant to Rule 12(b)(6) that focused on deficiencies in the pleadings).

Perhaps the SEC incorrectly anticipated that this Court would deny defendants' motions and, therefore, saw no need to address the issues raised by defendants' supporting memoranda. That was a tactical error by the SEC. The First Circuit Court of Appeals has stated:

> The principle is well established that Rule 60(b) does not provide relief from "free, calculated [and] deliberate choices."

Chang v. Smith, 778 F.2d 83, 86 (1st Cir. 1985)(quoting Ackerman v. United States, 340 U.S. 193, 198 (1950)). Moreover, the First Circuit has held that "Rule 60(b) cannot be used to relieve a litigant from improvident strategic choices." Id.

The SEC might have been able to neutralize the motions to dismiss if at any point during those nine months it had amended its complaint. Instead, the SEC sat on its hands and waited for the Court to decide the pending motion. The calculated and deliberate decision of the SEC not to amend its complaint until after the Court had entered its dismissal order does not present an appropriate circumstance for the extraordinary relief offered

by Rule 60(b). Although there is some merit to the SEC's arguments with respect to the other three prongs of the <u>Teamsters</u> test, the fact that the SEC is unable to demonstrate "exceptional circumstances", or even mistake or excusable neglect, is fatal to the pending motion.

Moreover, an examination of the third prong in <u>Teamsters</u>, namely the merits element, raises other troubling concerns. Specifically, those amendments are proposed by the SEC without the benefit of additional discovery, leading this Court to ask why, after the SEC had enjoyed the fruits of broad discovery long before it filed its initial complaint in this case, which included taking the testimony of at least 23 witnesses and conducting extensive document discovery, did it wait until now to seek to make those amendments? Whatever merit there may be to the SEC's proposed amendments and whatever lack of prejudice to the defendants, the SEC's actions now are too tardy. <u>See</u> <u>Good Luck Nursing Home, Inc.</u> v. <u>Harris</u>, 636 F.2d 572, 577 (D.C. Cir. 1980)("And a party that ... has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on Rule 60(b) after an adverse judgment has been handed down.")(citations omitted).

When this Court dismissed the SEC's complaint "with prejudice", its intention was to inform the parties that, despite dismissing the SEC's action, it would not face a <u>res judicata</u>

problem if it chose to file a new lawsuit against defendants after a period of further investigation to bolster its allegations. See Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 586 (1st Cir. 1995)("Under a generally accepted exception to the res judicata doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action.")(citing Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1167 (1st Cir. 1991)).  The Court's method of dismissal, without further explanation, regrettably gave rise to the pending dispute but it will, nevertheless, deny the SEC's motion to vacate the judgment.

### ORDER

The SEC's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 60(b) (Docket No. 21) is **DENIED**.  The SEC's Motion for Leave to File Amended Complaint (Docket No. 17) is **DENIED AS MOOT**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated May 5, 2006